ARTURO RAMOS, Petitioner, *v.* DISTRICT COURT OF HUMACAO, ETC., Respondent.

No. 363.   Argued October 14, 1941.—Decided October 15, 1941.

*P. Pérez Pimentel* for petitioner. *Benjamín Ortiz, in pro. per.*, and *George A. Malcolm, Attorney General*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for respondent. *Ercilio Alvarado, District Attorney of Humacao*, as amicus curiae.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On September 25, 1941, the District Court of Humacao rendered an order which reads as follows:

"In view of Act No. 155, approved May 13, 1941, pursuant to which the municipal district of Cidra forms part of the municipal judicial district of Caguas and hence of the judicial district of Humacao, under the authority of *Santos* v. *District Court*, 45 P.R.R. 639, as in felony cases tried in this court there must act jurymen from the municipal district of Cidra, Puerto Rico, in whose selection there must have participated a jury commissioner from said municipality, and as the jury of 300 persons selected in the month of April of this year does not include jurors from the municipal district of Cidra, no jury commissioner from that municipal district having participated in such selection, this court hereby discharges the group or list of the 300 jurors selected on April of this year and declares vacant the offices of jury commissioners who were appointed in said month of April 1941; and this court further orders that new jury commissioners be appointed from each and everyone of the municipalities that form part of this judicial district, including the municipal district of Cidra, in order that they prepare a new list or group of 300 jurors to act from the date of their selection during the present month of September until April 1, 1942, to be selected in accordance with the corresponding proportion when including in the lists the jurors from the municipal district of Cidra and the commissioner from the said municipal district. Humacao, P. R., September 25, 1941. (Sgd.) B. Ortiz, District Judge."

On the same day, the said court made another order appointing the same jury commissioners and adding one for the Municipality of Cidra, and summoned them to appear on

425

September 27, in order to form the list of 300 persons who would constitute the regular jurors of said court.

Arturo Ramos, who had been charged before the lower court with the crime of mayhem, and whose trial had been set for October 31, 1941, filed a motion praying that the above-mentioned orders be set aside; and alleged that the Municipality of Cidra did not belong to the judicial district of Humacao but to that of Caguas and, hence, that in the trial of his case no juror selected from a town which was not comprised in the judicial district of Humacao should act.

Upon his motion being denied by the lower court, Arturo Ramos presented a petition for mandamus to Justice Todd, Jr., as acting judge in vacation of this Supreme Court, but the parties having agreed to request a special session of this court, which was accordingly convened by the Governor of Puerto Rico, an alternative writ was issued and the case was heard by the full court with the appearance of the petitioner, the respondent judge, the prosecuting attorney of this court, and the district attorney of the lower court as *amicus curiae*.

The only question involved in this case is whether, in accordance with the holding of this court in the case of *Santos* v. *District Court,* 45 P.R.R. 639, we should construe Act No. 155, approved May 13, 1941, in the sense that it was the intention of the Legislative Assembly of Puerto Rico to segregate the municipal district of Cidra from the judicial district of Guayama, and to annex it to the judicial district of Humacao; that is, similarly as we interpreted Act No. 51, approved May 11, 1933, in the sense that it was the intention of the Legislature to segregate the municipal district of Santa Isabel from the judicial district of Guayama and to annex it to the judicial district of Ponce.

Let us see what is the difference, if any, between these two statutes.

The title of Act No. 155, approved May 13, 1941, reads thus:

"To create section two of the Municipal Court of Caguas, Puerto Rico; to determine its jurisdiction; to determine the officials and employees thereof and provide for the payment of their salaries; to provide for the expenses of installation of the court; to segregate the municipal jurisdiction of Cidra from the Municipal Judicial District of Cayey and incorporate it into the Municipal Judicial District of Caguas, and for other purposes."

The first six of the fourteen sections of which the act consists, contain provisions creating the Municipal Court of Caguas, Second Section, establishing its jurisdiction, internal regulation, etc. Sections 10 to 14 contain general provisions of an administrative character. Sections 7, 8, and 9 are the ones pertinent to the case now before us and we fully transcribe them below:

"Section 7.—The municipal jurisdiction of Cidra is hereby segregated from the municipal judicial district of Cayey, and the said municipal jurisdiction of Cidra shall henceforth form part of the municipal judicial district of Caguas. Section 2 of the Municipal Court of Caguas shall have the same jurisdiction and powers that the Municipal Court of Cayey now has in connection with all the civil and criminal cases originating within the limits of the municipality of Cidra.

"Section 8.—All cases coming from the municipal jurisdiction of Cidra that are pending in the Municipal Court of Cayey when this Act takes effect shall be decided by the Municipal Court of Cayey if they have reached the stage of introduction of evidence or if they are pending judgment; otherwise they shall be transferred to Section Two of the Municipal Court of Caguas on motion of a party or on the initiative of the Municipal Court of Cayey, without need of a motion therefor by either of the parties.

"Section 9.—Appeals from Section Two of the Municipal Court of Caguas in cases both civil and criminal, originating in the municipal jurisdiction of Cidra, shall be taken to and shall be filed with the district court where the other appeals from the Municipal Court of Caguas are filed; and those of the peace court of Cidra shall be taken to and shall be filed with the same district court where the appeals from the Municipal Court of Caguas are filed."

Act No. 51, approved May 11, 1933, consists of only five sections and we copy it in full, thus:

"No. 51. An Act to separate the Municipality of Santa Isabel from the Municipal Judicial District of Salinas, to annex said municipality to the Municipal Judicial District of Juana Díaz, and to the District Court of the Judicial District of Ponce, and for other purposes.

*"Be it enacted by the Legislature of Puerto Rico:*
"Section 1.—The municipality of Santa Isabel is hereby separated from the municipal judicial district of Salinas, and shall hereafter be a part of the municipal judicial district of Juana Díaz, which shall hereafter be composed of the municipalities of Juana Díaz, Santa Isabel and Villalba.

"Section 2.—The municipal court for the municipal judicial district of Juana Díaz shall have the same jurisdiction and powers as that of Salinas over cases arising within the limits of the municipality of Santa Isabel, including those cases at present pending before the municipal court of Salinas, which cases shall be transferred to the municipal court of Juana Díaz on motion made by any of the parties in interest.

"Section 3.—The cases on appeal from the municipal court of Juana Díaz proceeding from Santa Isabel, shall be received, heard and decided by the district court for the judicial district of Ponce, and the cases pending hearing on appeal on the date of the taking effect of this Act shall be transferred to the district court for the judicial district of Ponce.

"Section 4.—All laws or parts of laws in conflict herewith are hereby repealed.

"Section 5.—This Act shall take effect ninety days after its approval.

*Approved, May 11, 1933."*

As may be seen, the only difference between both acts is that in the title of Act No. 51, approved May 11, 1933, it was set forth that the Municipality of Santa Isabel was annexed to the municipal judicial district of Juana Díaz and to the District Court of Ponce (even though in the text of the act nothing was said as to the latter annexation), whereas in Act No. 155, approved May 13, 1941, nothing is said, either in

the title or in the body of the act, as to the fact of the annexation of the Municipality of Cidra to the judicial district of Humacao, although it is otherwise as to the municipal judicial district of Caguas.

Notwithstanding this only difference, if the opinion of this court in the case of *Santos* v. *District Court, supra,* is carefully examined, it will be seen that the *ratio decidendi* was not made to depend upon the title of Act No. 51, *supra,* but upon the study which was made of all the legislation in force relating to the Act of March 10, 1904, reorganizing the judiciary of Puerto Rico, and the following conclusions were reached:

"The Island has thus been divided, since 1904, in judicial districts each composed of several municipalities and having a district court, and in municipal judicial districts each composed of one or several municipalities and having a municipal court; and *each judicial district comprises whole municipal judicial districts,* except in the cases of Añasco and Rincón. *And the intention of the Legislature to include them entirely is inferred* not only from the result of its action, but also from the form it gave to section 8 of the law, which it preserved in the amendments of 1905 and 1908. It did not stop at dividing the island into municipal judicial districts, designating each with a number, but it made the distribution first mentioning the judicial district and then the municipal judicial districts comprised therein.

"From 1908 until 1933 several laws have been enacted creating new municipal courts, among them that of Juana Díaz in 1911 (Session Laws, p. 186), reorganizing the District Courts of San Juan and of Ponce, and establishing the new judicial district of Bayamón with its district court, *and the municipal judicial districts always remained integrally comprised in the judicial districts.*

"*   *   *   *   *   *   *   *

"In the case of Santa Isabel the confusion would be extraordinary, because over the judicial matters of the municipality itself two different district courts would have jurisdiction, and this leads us to interpret the law in accordance with what we consider was the true intention of the Legislature, namely, to entirely separate the Municipality of Santa Isabel from the judicial district of Guayama,

and not only annex it to the municipal judicial district of Juana Díaz, but also, in virtue of such annexation, to make it an integral part of the judicial district of Ponce.'' (Italics ours.)

Following the rule laid down in the *Santos* case, Act No. 155 of 1941, *supra,* must be construed in harmony with the other statutes reorganizing the judiciary of Puerto Rico. It was maintained in the *Santos* case that ''each judicial district comprises whole municipal judicial districts,'' and ''that the intention of the legislator was to include them entirely.'' Act No. 155 of May 13, 1941, in its pertinent part, is identical in terms with Act No. 51 of 1933.

In 59 C. J. 1038, sec. 616, the following doctrine is stated:

''All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts; . . .''

It must be presumed that the Legislature of Puerto Rico in enacting Act No. 155 of 1941, drafted in almost the same terms as those of the Act of 1933, did so with full knowledge of the construction given by this court to the prior act.

There are two exceptions to the rule announced in the *Santos* case, *supra.* One of them, the case of Añasco and Rincón, is clearly explained and distinguished therein. The second is the case of Río Piedras and Guaynabo, which form a single municipal judicial district; but Río Piedras belongs to the judicial district of San Juan and Guaynabo to that of Bayamón, and therefore the situation is the same as that in the case of Añasco and Rincón. See *People* v. *Rodríguez,* 48 P.R.R. 8.

We are of opinion that the lower court acted correctly in applying the holding in the *Santos* case to the case at bar

and in rendering its orders of September 25, 1941, discharging the jury and appointing new commissioners among whom was included one for the Municipality of Cidra, as the latter is comprised in the judicial district of Humacao; and that, therefore, the writ issued must be discharged and the petition in this case denied.